**3UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DEBORAH J. TAYLOR,**

       **Plaintiff,**

      **v.**                                             **1:14cv1125**

**DONALD H. HUNTER, JR.,**

       **Defendant.**

_____

**DECISION & ORDER**

Thomas J. McAvoy, Senior District Judge.

Plaintiff Deborah J. Taylor moves for an order from this Court confirming an arbitration award entered against Donald H. Hunter, Jr., by a panel appointed by the Office of Dispute Resolution of the Financial Industry Regulatory Authority. See dkt. # 1. Plaintiff asserts that the award was valid, that the Court should confirm this arbitration award, and that the Court should order payment of the $155,494.91 as well as interest of 9% per annum from March 19, 2012 until the award is paid. Defendant was served with notice of the motion, but has not replied.

Federal law provides that "[i]f parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party may apply to the court so specified for an order confirming the award[.]" 9 U.S.C. §

9. The Court is required to "grant such an order unless the award is vacated, modified, or corrected[.]" Id. The Federal Arbitration Act thus "provides for judicial confirmation of arbitral awards on consent of the parties." Idea Nuova, Inc. v. GM Licensing Group, Inc., 617 F.3d 177, 180 (2d Cir. 2010). "Where the parties have so agreed, an arbitral award is entitled to 'strong deference[.]'" Id. (quoting Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007)). Under those circumstances, "confirmation ordinarily is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]'" Id. (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006)). "The arbitrator's rationale for the award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]'" D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)). The award may be confirmed even when there is only "'a barely colorable justification for the outcome reached' by the arbitrators[.]'" Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, 954 F.2d 794, 797 (2d Cir. 1992)).

The Parties' agreement to arbitrate their dispute, submitted to this Court as part of Plaintiff's motion, indicates that they agreed "to abide by and perform any award(s) rendered pursuant" to the agreement, and that "a judgment and any interest due thereon may be entered upon such award(s)[.]" See Exh. D to Plaintiff's Motion, dkt. # 1-4, at ¶ 4. The parties further consented "to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment."

Defendant had an opportunity to respond to the motion and did not. No evidence thus exists by which the Court could conclude that the award was vacated, modified, or corrected. See 9 U.S.C. § 9. Moreover, the Court has reviewed the parties' submissions

2

to the arbitrator and the arbitrator's decision, and finds that the grounds for the arbitrator's decision can be clearly inferred from the facts of the case. The arbitrator's award must therefore be confirmed.

The Court will therefore:

1. **GRANT** the Plaintiff's motion to confirm the arbitration award, dkt. # 1; and

2. Enter judgment against Defendant Hunter for:

    a. $155,494.91 in compensatory damages;

    b. $34,775.47 in interest from March 19, 2012 through September 12, 2014; and

    c. any interest accruing from September 12, 2014 until the date the award is paid in full, at a rate of 9% per annum.

**IT IS SO ORDERED**.

_____
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: December 30, 2014